**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROAD SPRINKLER FITTERS LOCAL
UNION NO. 669, U.A., AFL-CIO,

    Plaintiff,

v.                                                  Case No. 12-13983
                                                  Hon. Lawrence P. Zatkoff

TRISTAR FIRE PROTECTION, INC.,
and TSFP HOLDINGS, INC.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 37].[1] Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiff's motion is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion is DENIED.

**II. BACKGROUND**

Plaintiff Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO's ("Plaintiff") motion for reconsideration challenges the Court's February 24, 2014, Order denying Plaintiff's motion for summary judgment. In its February 24, 2014, Order, the Court found that Plaintiff is

---

[1] The docket in this matter reflects Plaintiff attempted to file its motion for reconsideration twice, with the first attempt [dkt 36] containing an incomplete submission. Although this order only directly references the complete motion for reconsideration filed by Plaintiff, Plaintiff's incomplete motion for reconsideration [dkt 36] is also denied.

not barred by Defendant TriStar Fire Protection, Inc.'s ("Defendant TriStar") proceedings in Bankruptcy Court from now asserting that Defendant TSFP Holdings, Inc. ("Defendant TSFP"), is the "alter ego" of Defendant TriStar.  The Court, in denying Plaintiff's motion for summary judgment, further found that a genuine issue of material fact exists as to whether Defendant TSFP actually is the "alter ego" of Defendant TriStar.  On this basis, the Court dismissed Plaintiff's motion for summary judgment.[2]

In the alternative to granting its motion for reconsideration, Plaintiff requests that the Court rely on Rule 56(g) of the Federal Rules of Civil Procedure to find that "the great majority of the material facts are not in dispute and determine that those facts are established for purposes of this case."

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that they must be filed within 14 days after entry of the judgment or order.  E.D. Mich. L.R. 7.1(h)(1).  "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. L.R. 7.1(h)(3).  The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case."  *Id.*  A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain."  *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

---

[2] The Court must note that Plaintiff does not explicitly enumerate whether it currently seeks partial or complete reconsideration of the Court's February 24, 2014, Order.  Based on the arguments and evidence contained in Plaintiff's motion, however, the Court will assume that Plaintiff only seeks reconsideration of the Court's determination that a genuine issue of material fact exists regarding the "alter ego" status of Defendant TSFP.

Rule 56(g) of the Federal Rules of Civil Procedure states:

> **(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

## IV. ANALYSIS

### A. MOTION FOR RECONSIDERATION

Plaintiff's motion fails to state a palpable defect by which the Court has been misled. Rather, Plaintiff attempts to "reassure the Court" that there is no genuine dispute as to the degree of common employees and common customers shared by Defendant TriStar and Defendant TSFP. Plaintiff also seeks to "reiterate" several factors of the "alter ego" analysis already performed by the Court, ostensibly to guarantee the Court has truly performed the analysis contained in its February 24, 2014, Order. Indeed, the Court finds that Plaintiff's motion for reconsideration exactly mirrors the six factor "alter ego" standard this Court has already analyzed. The only difference is in Plaintiff's conclusion.

It is clear to the Court that Plaintiff's motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). The Court thus finds that Plaintiff's motion amounts to nothing more than a disagreement with the Court's previous ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

### B. RULE 56(f)

Additionally, Plaintiff does not delineate which "material facts" it wishes the Court to rule are "undisputed." Instead, Plaintiff's motion requests the Court "exercise its discretion" in

determining which issues in this case remaining genuinely in dispute. The very purpose of the Court's previous ruling, however, was to do just that: to determine which issues remain genuinely in dispute. As such, the Court finds that a Rule 56(g) determination is unwarranted.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 37] is DENIED.

IT IS SO ORDERED.

Date:  April 28, 2014                                                s/Lawrence P. Zatkoff
                                                                                 HON. LAWRENCE P. ZATKOFF
                                                                                 U.S. DISTRICT JUDGE